**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DAWN HELLER,                             )         CASE NO. 5:13-cv-2307
                                         )
                                         )
                     PLAINTIFF,          )         JUDGE SARA LIOI
                                         )
vs.                                      )
                                         )         MEMORANDUM OPINION
                                         )         AND ORDER
BUREAU OF VOCATIONAL                     )
REHABILITATION, et al,                   )
                                         )
                     DEFENDANTS.         )

          *Pro se* plaintiff Dawn Heller ("plaintiff" or "Heller") filed this *in forma pauperis* action against the Ohio Rehabilitative Services Commission (Bureau of Vocational Rehabilitation), Good Will Industries International, and John Doe Affiliates, Subsidiaries, Grantors and Accreditors. Heller seeks unspecified compensatory and punitive damages for Title VII employment discrimination and sexual harassment, as well as violations of Titles I and V of the Americans with Disabilities Act of 1990 (ADA).

I.   **BACKGROUND**

          The formal complaint is brief. Plaintiff describes herself as an adult citizen of Ohio. Without the benefit of any supporting facts, she alleges defendants engaged in "harassing and negligent conduct, with an intent not to provide honest services to the client under the contract." (Doc. No. 1 at 3.) She claims she filed charges with Equal Employment Opportunity Commission (EEOC) and is awaiting a response from Good Will Industries. Moreover, Plaintiff states "no right to sue was granted." (*Id.*)

## II.    LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 322-23, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct claims from sentence fragments. *Id*. at 1278. To do so would "require[e] [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278 (citation omitted). Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Here, plaintiff has failed to state any basis for relief, and her complaint must be dismissed. Plaintiff cites several federal statutes, but states no facts in support of her claim. In fact, plaintiff's complaint does not even allege that she has, had, or sought an employment relationship with defendants. The attachments to the complaint suggest she has filed some administrative actions, but she does not explain the status of her appeals. She says only that

2

"no right to sue was granted." (Doc. No. 1 at 3.) To maintain an action under Title VII or the ADA, plaintiff "must timely file a charge with the EEOC, receive a right-to-sue letter and file an action within ninety days of receipt of such letter." *Young v. Sabbatine*, 238 F.3d 426, at *3 (6th Cir. 2000) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998)); *see also Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002). As plaintiff admits she has not received a right-to-sue letter, even construing her complaint liberally, she has failed to state a claim on which this Court can grant relief.

### III.   CONCLUSION

For the foregoing reasons, Heller's motion to proceed *in forma pauperis* is GRANTED. Her motions for default judgment (Doc. Nos. 3, 9), motion for declaratory judgment or in the alternative, for partial summary judgment and for bifurcation to state courts (Doc. No. 6), and motion (request) to withhold issuance of service (Doc. No. 8) are DENIED and the complaint is DISMISSED pursuant to 28 U.S.C. §1915(e) for failure to state a claim for relief. The Court certifies that an *in forma pauperis* appeal from this judgment may not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[1]

**IT IS SO ORDERED**.

Dated: June 24, 2014

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."